IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ALEX HELD, | ) | |
| *Plaintiff*, | ) ) ) | |
| vs | ) ) | Case No.: 10-2393-EFM |
| FERRELGAS, INC., | ) ) ) | |
| *Defendant*. | ) ) | |

## ORDER

The Court granted Defendant summary judgment on October 19, 2011. Plaintiff appealed, and on January 2, 2013, the appeal mandate from the Tenth Circuit Court of Appeals affirming that judgment was entered. Accordingly, Defendant submitted its bill of costs as the prevailing party on January 31, 2013. Two weeks thereafter, Plaintiff filed a response in opposition to the bill of costs, objecting not to particular matters claimed with Defendant's bill, but claiming that an award of costs to the prevailing party in this case would be unjust (Doc. 97). Today, the Clerk of the Court is issuing its bill of costs, and this Order accompanies that as a response to Plaintiff's objection.

"Unless a federal statute, these [Federal Rules of Civil Procedure], or a court order provides otherwise, costs – other than attorneys' fees – should be allowed to the prevailing party."[1] This Rule creates, therefore, a presumption that costs will be awarded to the prevailing party.[2] The burden is on the prevailing party to overcome this presumption.[3] Whether or not

---

[1] Fed. R. Civ. P. 54(d)(1).
[2] *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).
[3] *Cantrell v. Int'l Bhd. Of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995).

costs are awarded to a prevailing party is "within the court's sound discretion."[4] When a district court exercises its discretion to deny costs to a prevailing party, it must provide a valid reason.[5]

Plaintiff submits no authority for its objection. It relies on *Delta Air Lines v. August*,[6] for its claim that costs may be denied when there is an element of injustice in awarding them; but that citation merely notes that such denials may have happened, without approving them or setting standards. He claims that his lack of financial resources would place a significant burden on himself if costs were awarded against him.[7] That allegation, even if true, does not state a legal basis for avoiding the assessment of costs.[8] He claims that the provisions of Fed. R. Civ. P. 54(d)(1) provide the district court with discretion to deny an award of costs where the relative wealth of the parties is implicated. A simple reading of that Rule does not support this claim.[9] Nor do the modest costs claimed here make it likely that Plaintiff could sustain a threshold finding that he was "incapable of paying the court-imposed costs at this time or in the future."[10] Finally, Plaintiff claims that an award of costs would have a negative impact upon Title VII litigants, and should therefore be denied.[11] It could be argued that any award of costs against unsuccessful litigants would be a disincentive to bringing or defending future claims, but that

---

[4] *Homestake Mining Co. v. Mid-Continent Exploration Co.*, 282 F2d 787, 804 (10th Cir. 1960).
[5] *Cantrell*, at 458-59.
[6] 450 U.S. 346, 355, n. 14 (1981)
[7] While asserting that he lives paycheck to paycheck, no financial affidavits were presented that would allow the Court to give credence to this allegation.
[8] Indigent status of a non-prevailing party is a circumstance permitting a district court to exercise its discretion to deny costs to the prevailing party; but even then there must be "some apparent reason to penalize the prevailing party" by denying costs. *Rodriquez*, at 1190. Plaintiff has offered no reason, and in any event has not presented a financial affidavit to demonstrate his indigency.
[9] In fact, this District has held that a mere financial disparity between the parties is not a reason to deny costs to the prevailing party. *Sauceda v. Dailey*, 1998 WL 709601 (D. Kan. 1998).
[10] *Treaster v. HealthSouth Corp.*, 509 F.Supp. 898, 902 (D. Kan. 2007) (*citing Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006)).
[11] Plaintiff cites *Christianburg Garmet Co. v. E.E.O.C.*, 434 U.S. 412 (1978). No particular page was referenced, nor language quoted, from this opinion, and the Court is a bit mystified as to why Plaintiff relies on this case, which is quite different from the case at bar, in support of this proposition.

unsupported argument alone is not a basis for abrogating the law on awarding costs. This very argument has been rejected by other courts.[12] This Court rejects it as well.

The Court finds no valid legal reasons why Plaintiff should be entitled to avoid the assessment of costs against it.

**IT IS THEREFORED ORDERED** that Plaintiff's objections to Defendant's entitlement to have costs assessed are **OVERRULLED**.

**IT IS SO ORDERED**.

Dated this 1st day of March, 2013.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[12] *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 448 (4th Cir. 1999).